UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Holly Dawn Soeby, | Civ. No. 21-1472 (ECT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FCI-Waseca, | |
| Respondent. | |

Holly Dawn Soeby, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se*.

Ana Voss, U.S. Attorney's Office, 300 S. 4th St., Suite 600, Minneapolis, MN 55415, for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

This action comes before the Court on Petitioner Holly Dawn Soeby's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1 ("Petition")); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4 ("IFP Application")). For the following reasons, the Court recommends denying the Petition without prejudice and denying the IFP Application as moot.

## BACKGROUND

In May 2018, the U.S. Attorney for the District of North Dakota charged Soeby with one count of conspiring to possess (with intent to distribute) a substance containing fentanyl, resulting in serious bodily injury or death to one or more people. (*See*

Information at 1, *United States v. Soeby*, 18-CR-0081 (KES) (D.N.D. May 8, 2018); *cf.* 21 U.S.C. § 841(a)(1), (b)(1)(C).[1]) That same day, Soeby (represented by appointed counsel) entered into a plea agreement with the Government under which she agreed to plead guilty to the conspiring-to-possess count. (*See* Plea Agreement at 1–2, *United States v. Soeby*, 18-CR-0081 (KES) (D.N.D. May 8, 2018).) In April 2019, the U.S. District Court for the District of North Dakota ("USDC-DND") sentenced Soeby to (among other things) 168 months imprisonment. (*See* J. in a Criminal Case at 2, *United States v. Soeby*, 18-CR-0081 (KES) (D.N.D. Apr. 17, 2019).) Since sentencing, authorities have transferred Soeby to the Federal Correctional Institution in Waseca, Minnesota. (*Cf.* Pet. at 1.)

The Petition states that Soeby is challenging "the validity of [her] conviction or sentence as imposed." (*Id.* at 2.) She presents one ground: that the USDC-DND "erred in sentencing [her] under the death caused enhancement pursuant to U.S.S.G. § 2D1.1(a)(2)." (*Id.* at 6; *see also* Mem. of Law in Supp. of Appl. for Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 8–22, Doc. No. 2 ("Memorandum") (presenting argument at length).[2]) Specifically, she claims that applying the death-caused

---

[1]     The Information (as well as other documents in Soeby's criminal matter) are publicly accessible, and the Court may take judicial notice of public court records. *See, e.g.*, *Purdy v. Wilkins*, No. 21-CV-0315 (SRN/BRT), 2021 WL 3088731, at *1 (D. Minn. July 22, 2021) (citing *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)). Citations to filed materials use the page numbers assigned by the relevant district court's electronic-filing system.

[2]     U.S.S.G. § 2D1.1(a) specifies the base-offence level that should apply for, among other things, drug-possession offenses. Where "death or serious injury resulted from the use of the [relevant] substance," § 2D1.1(a) establishes (and generally increases) the

enhancement at sentencing was error, given the U.S. Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014). (*See* Pet. at 7.) Furthermore, she claims that the remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to challenge [her] conviction or sentence." (*Id.* at 5; *see also* Mem. at 6, 8–9 (making same point).) As relief, she asks this Court to vacate her sentence and have her resentenced "without the § 2D1.1(a)(2) enhancement." (Pet. at 8.)

## ANALYSIS

Because the USDC-DND sentenced Soeby, a threshold question here is whether this Court has jurisdiction to address the Petition. Case law is clear that if a petitioner seeks to challenge his federal-court conviction or sentence, she generally must bring a motion under 28 U.S.C. § 2255 in the district of her sentencing. *See, e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)); *Estabrook v. Barnes*, No. 19-CV-2845 (SRN/ECW), 2020 WL 4382757, at *3 (D. Minn. July 31, 2020) (citing cases). Section 2241 motions, by contrast, are generally used to challenge a sentence's execution—not its imposition—and are filed in one's district of incarceration. *See, e.g.*, *Deroo v. United States*, 709 F.3d 122, 1245 (8th Cir. 2013) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002));

---

defendant's base-offense level. *See* U.S.S.G. § 2D1.1(a)(1)–(4). The Memorandum claims that (1) at sentencing, the presentencing review ("PSR") "erroneously used 43" as Soeby's base-offense level, and (2) the correct level should have been 12. (Mem. at 20–21.) The Court lacks access to the PSR, so cannot assess these claims. For the reasons discussed below, however, the Court lacks jurisdiction here, making such assessment unnecessary.

*United States v. Debruzzi*, No. 17-CR-0160 (DWF/KMM), 2019 WL 5422860, at *4 n.4 (D. Minn. Oct. 23, 2019) (citing authorities). Under these general rules, the proper vehicle for Soeby's sentencing challenge is a § 2255 motion in her sentencing court—the USDC-DND—not a § 2241 motion here.

These general rules have an important exception: a prisoner can use a § 2241 petition to bring a conviction or sentencing challenge if the § 2255 remedy "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e). Courts commonly refer to this provision of § 2255(e) as the "savings clause." *See, e.g.*, *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (using term). A § 2241 petitioner has the burden of showing that the savings clause applies. *See, e.g.*, *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959); *Carr v. Kallis*, No. 20-CV-0721 (NEB/TNL), 2021 WL 2302236, at *5 (D. Minn. Feb. 18, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 1827782 (D. Minn. May 7, 2021).

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit has precisely specified the savings clause's "inadequate or ineffective" language. It is clear, however, that the clause applies very narrowly. For example, the Eighth Circuit has stated that "'§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand,'" and that "[w]e consider § 2255 adequate and effective even in cases where the petitioner is unaware of his claim; where a petition under § 2255 has already been denied; and where the statute of limitations to file under § 2255 has run." *Lee*, 943 F.3d at 1147 (8th Cir. 2019) (quoting *Abdullah*, 392 F.3d at 963, and citing authorities).

4

Under these guidelines, the savings clause plainly does not apply to the Petition. The Supreme Court issued *Burrage* in 2014, and the USDC-DND sentenced Soeby in 2019. This means that Soeby plainly could have raised her *Burrage*-based argument in a § 2255 motion before the USDC-DND, but never did so.[3] Whatever *Burrage*'s import, there is simply no question that Soeby had an opportunity to present her *Burrage* claim to the USDC-DND. The § 2255 remedy is thus not "inadequate or ineffective" for savings-clause purposes, and Soeby cannot use the savings clause to bring the Petition here under 28 U.S.C. § 2241.

Because the savings clause does not apply here, the Court recommends denying the Petition and dismissing this action without prejudice for lack of subject-matter jurisdiction. Given this result, the Court further recommends denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Petitioner Holly Dawn Soeby's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**.

---

[3]   Soeby argues that § 2255 is "inadequate or ineffective" here under at least two different tests from other circuits. (*See* Pet. at 5; *see also* Mem. at 6, 8–9 (discussing cases from the Fourth and Fifth Circuits).) Putting aside that these formulations are not the Eighth Circuit's, these tests are inapposite. Soeby points to cases where some legal change, if applied retroactively, could affect a conviction that was legal when entered. (*See* Mem. at 8–9.) But as noted in the text, retroactivity is irrelevant here.

    2.      This action be **DISMISSED WITHOUT PREJUDICE**.

    3.      Soeby's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4) be **DENIED** as moot.

Dated: August 4, 2021               *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).